# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Equity No. D-183-LDG |
| Plaintiff, | Case No. 3:73-cv-00183-LDG |
| v. | Subfile No. 3:73-cv-00212-LDG |
| ALPINE LAND & RESERVOIR CO., *et al.*, | **ORDER** |
| Defendants. | |
| Re:  Nevada State Engineer Ruling No. 6337 | |

The petitioner, Stillwater Farms, Inc., petitions this Court for judicial review of Nevada State Engineer Ruling #6337.  Stillwater has briefed its petition on the merits (#14).  The United States and the Nevada State Engineer have each answering briefs opposing the petition (## 15, 16).  The Truckee-Carson Irrigation District and Churchill County have each joined the United States' answering brief (## 17, 18).  Stillwater has filed a reply brief (#22).

Stillwater's Application #47786

Resolution of the present petition requires a brief review of Stillwater's prior Application #47786 to appropriate "drain water" at a specific point of diversion within the Newlands Project irrigation works. The State Engineer denied that application in Ruling #6226, concluding that there was no water available for appropriation. Stillwater filed a petition to review that ruling <u>and</u> moved to dismiss its own petition, arguing that this Court lacked jurisdiction because the application concerned "only the right to unused and unappropriated water." The Court denied the motion to dismiss because Stillwater sought to appropriate water within the Newlands Project irrigation works; that is, water subject to the Alpine Decree.

In considering the merits of Stillwater's petition, the court noted:

> [a] claimant to drain water "acquires a temporary right only to whatever water escapes from the works or lands of others, and which cannot find its way back to its source of supply." *Gallio* [*v. Ryan*, 52 Nev. 330, 344-345 (1930)]. Regardless of whether the water is labeled "drain water," "waste water," "surplus water," "excess water," "water that is leftover and not delivered," or "mismatched water," the claimant to such water can acquire no more than a temporary right "to whatever water escapes from the works or lands of others." Critically, until the water *escapes* from the lands or works of those who lawfully appropriated and diverted the water from its source of supply, the water is unavailable for the appropriation.

The Court denied Stillwater's petition because the water it sought to appropriate had not yet escaped from the Newlands Project irrigation works.

Stillwater did not appeal this Court's decision.

Stillwater Application #85166

As noted by the State Engineer in Ruling #6337, "Application 85166 is nearly an identical refiling of denied Application 47786, which was filed by Stillwater Farms, Inc. and denied by the State Engineer; however, here, instead of identifying the source of water as 'drain water,' the Applicant now calls it 'mismatched, tail, flood, and other excess water above the prime delivery water' that makes its way to the proposed point of diversion." A

review of Application #85166 establishes that Stillwater identifies the same proposed point of diversion as it did in Application #47786, a point within the Newlands Project irrigation works.  Further, Stillwater seeks to appropriate the same amount of water at that point of diversion.  Stillwater asserts, in its opening brief at page 2, that it "filed Application 85166 to address the issue raised in Ruling 6226 by using the correct terminology to seek to appropriate the water at the end of the S-Line."

In denying Application #47786, the State Engineer correctly concluded that there was no water available for appropriation at the proposed point of diversion.  This Court affirmed because, while Decree water remains within the Newlands Project irrigation works, it is unavailable for appropriation.

Stillwater's change of the source of water from "drain water" to "other surface water," and its description of that water as "mismatched, tail, flood, and other excess water above the prime delivery water" does not alter the fact that Application #85166, like Application #47786, seeks to appropriate water from within the Newlands Project irrigation works, and divert it at a proposed point within the irrigation works.  The State Engineer denied Application #85166, finding that this Court had "already ruled and held that the water is unavailable for appropriation."

Stillwater's Application #85166 is barred by *res judicata*.  "Simply put, the doctrine of res judicata provides that when a final judgment has been entered on the merits of a case, it is a finality as to the claim or demand in controversy" both as to matters actually raised and those which could have been raised.  *Nevada v. United States*, 463 U.S. 110, 129–30 (1983).  "Claim preclusion 'applies when there is (1) an identity of claims; (2) a final judgment on the merits; and (3) identity or privity between the parties.'"  *Garity v. Am. Postal Workers Union Nat'l Labor Org.*, 828 F.3d 848, 855 (9th Cir. 2016) (quoting *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002)).  "To determine if there is an 'identity of claims,' we look to four factors, 'which we do not apply mechanically':

> (1) whether the two suits arise out of the same transactional nucleus of facts; (2) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (3) whether the two suits involve infringement of the same right; and (4) whether substantially the same evidence is presented in the two actions.

*Id.,* (*quoting Mpoyo v. Litton Electro-Optical Sys*., 430 F.3d 985, 987 (9th Cir. 2005)). Further, "[t]hough all four factors are considered, '[r]eliance on the transactional nucleus element is especially appropriate because the element is 'outcome determinative.'" *Id*., (*quoting ProShipLine Inc. v. Aspen Infrastructures LTD*, 609 F.3d 960, 968 (9th Cir. 2010)).

An identity of claims exists between Stillwater's Applications #47786 and #85166. In both applications, Stillwater sought to appropriate an identical amount of water at the identical point of diversion within the Newlands Project irrigation works. In both Applications, Stillwater asserts that there is, at the identical proposed point of diversion within the Newlands Project irrigation works, unappropriated water that is not subject to the Alpine Decree. In its prior petition, the State Engineer denied the application because there was no water available for appropriation. Stillwater appealed, arguing that the State Engineer erred in reaching this conclusion. This Court affirmed because, while Alpine Decree water remains within the Newlands Project irrigation works, it is unavailable for appropriation and does not become available for appropriation until it escapes from the irrigation works. Stillwater did not appeal that decision, and it became final.

While Stillwater changed the term it uses to identify the source of water it seeks to appropriate, its prosecution of both matters establishes that both applications rested on the same transactional nucleus of facts: that there exists "mismatched" and "excess water" at the identical proposed point of diversion within the irrigation works that is not subject to the Alpine Decree but is instead available for appropriation. The State Engineer correctly identified that Stillwater was seeking to appropriate the same water at the same proposed point of diversion. The State Engineer denied the Application #85166 because this Court "already ruled and held that the water is unavailable for appropriation."

4

The State Engineer did not err in finding that Stillwater's Application #85166 sought to appropriate the same water at the same proposed point of diversion as requested in Application 47786.  The State Engineer did not err in denying Application #85166 on the basis that this Court had already ruled that there was no water available for appropriation at the proposed point of diversion within the irrigation works.

Accordingly,

THE COURT **ORDERS** that Stillwater Farms' Petition to Review State Engineer Ruling #6337 is DENIED.

THE COURT FURTHER **ORDERS** that Nevada State Engineer's Ruling #6337 denying Stillwater Farms' Application #85166 is AFFIRMED.

DATED this _____ day of November, 2016.

Lloyd D. George
United States District Judge